UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE P. BUCHANAN,

    Plaintiff,

v.

MIDLAND FUNDING LLC, et al.,

    Defendants,

_____/

Hon. Paul L. Maloney

Case No. 1:15-cv-00388-PLM-PJG
Case No. 1:15-cv-01172-PLM-PJG

Consolidated Cases

## REPORT AND RECOMMENDATION

On April 13, 2015, plaintiff Wayne Buchanan filed a complaint *in pro per* in Case No. 1:15-cv-388, claiming that Midland Funding LLC and its lawyers, Michael Stillman and Monica Hunt, violated his rights under the Federal Debt Collection Practices Act (FDCPA) and certain state statutes, relating to the filing of two state debt-collection lawsuits.[1] On November 12, 2015, plaintiff filed a second *pro se* complaint, in Case No. 1:15-cv-1172, relating to the same debt collection lawsuits. Defendant Michael Spoelman was named only in the second complaint. The Court

---

[1] Plaintiff repeatedly invokes a "Michigan Fair Debt Collections Practices Act." There is no such statute. Plaintiff provides statutory cites to Mich. Comp. Laws § 339.901, the Michigan Occupational Code; Mich. Comp. Laws § 445.251, the Michigan Regulation of Collection Practices Act; and Mich. Comp. Laws § 600.2907, the malicious prosecution provision of Michigan's Revised Judicature Act of 1961. The relevant state statutory law will be addressed herein as needed.

consolidated these cases on March 17, 2016, ordering that all papers be filed in the earlier numbered case (1:15-cv-388). (ECF No. 43). [2]

This matter is before the Court on defendant Michael Spoelman's motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), or in the alternative, for summary judgment, pursuant to Rule 56. (ECF No. 34). Plaintiff responded (Case No. 1:15-cv-388, ECF No. 44), and defendant Spoelman replied (Case No. 1:15-cv-388, ECF No. 50).

Also before the Court is plaintiff's motion for judgment on the pleadings, or in the alternative, for summary judgment. (Case No. 1:15-cv-388, ECF No. 46). All defendants responded (Case No. 1:15-cv-388, ECF No. 52, 53, 55), and plaintiff replied (Case No. 1:15-cv-388, ECF No. 56).

The Court conducted a hearing on both motions at which all concerned parties appeared. (Case No. 1:15-cv-388, Minutes, ECF No. 61). Having considered the parties' oral and written submissions, and for the reasons stated herein, I recommend that defendant Michael Spoelman's motion for summary judgment be granted, and that plaintiff's motion for summary judgment be denied.[3]

---

[2] Michael Spoelman is only named as a party in Case No. 1:15-cv-1172. Accordingly, unless otherwise noted, all record citations are to that case.

[3] Inasmuch as plaintiff and defendant Spoelman has each relied, at least in part, on matters outside the pleadings, I am treating their respective motions solely as ones for summary judgment. *See* FED. R. CIV. P. 12(d); *see also General Drivers Warehousemen & Helpers, Local v. Clariant Corp.*, No. 16-6203, 2017 WL 3270772, at *2 (6th Cir. May 17, 2017).

## **SUMMARY JUDGMENT STANDARDS**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party

may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001 (6th Cir. 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11

-4-

James William Moore, et al., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **PROPOSED FINDINGS OF FACT**

The relevant facts are beyond genuine dispute. In early October 2014, Midland Funding filed two debt collection lawsuits against plaintiff; both were filed in Allegan County District Court. (Complaint ¶¶ 22-23, ECF No. 1, PageID.11). The Stillman Law Office represented Midland Funding. The attorneys of that firm drafted and filed the debt-collection complaints. (*Id.* at ¶¶ 16, 19, PageID.9-11). One of these cases (Case No. 14-2037-GC) was eventually transferred to Kent County's 62-B District Court, and it was assigned case number 15-5020-GC. (*Id.* at ¶¶ 25-26, PageID.12). Plaintiff's FDCPA complaint is limited to the matter that was transferred to Kent County. (*Id.* at ¶ 25, PageID.12).

On January 23, 2015, the 62-B District Court held a pre-trial conference in Case No. 15-5020-GC. (Michael A. Spoelman Affidavit ¶ 7, ECF No. 35-3, PageID.281). At the request of the Stillman Law Office, Mr. Spoelman appeared on behalf of Midland Funding. (*Id.*). Mr. Spoelman has never been a member of the Stillman Law Office. (*Id.* at ¶ 5). Mr. Spoelman's appearance was the result of an

agreement he had with the Stillman Law Office. (*Id.* at ¶¶ 6-7). Pursuant to that agreement, Mr. Spoelman was explicitly excluded as an employee of the law firm. (Stillman Law Office Covering Attorney Agreement, Section 1.1, ECF No. 35-3, PageID.284).[4] His representation of the firm was "limited to appearances only; such appearances include court hearings, arbitrations, case evaluations, or any other appearance as designated by the [f]irm." (*Id.* at Section 1.2).

Mr. Spoelman's involvement in the underlying debt-collection lawsuit was limited to the January 23, 2015, pre-trial conference.[5] (Spoelman Affidavit ¶¶ 10, 12, PageID.281). Mr. Spoelman did not participate in the drafting of any pleading; nor was he involved in any decision to file suit in Allegan County. (*Id.* at ¶¶ 8-9). He was unaware of any impropriety in the filing of the debt-collection suit. (*Id.* at ¶ 11).

---

[4] Plaintiff complains that the copy of the Covering Attorney Agreement submitted by Mr. Spoelman "shows no indication that it is a legitimate agreement," and that the agreement is not signed by Michael R. Stillman on behalf of the Stillman Law Office. (ECF No. 39, PageID.353). These assertions are not proper objections under Federal Rule of Civil Procedure 56(c)(2). Moreover, plaintiff ignores the fact that Mr. Spoelman provided an affidavit in which he testified both to the foundation and to the contents of that exhibit. (*See* Spoelman Affidavit ¶¶ 6-7, PageID.281).

[5] The January 23, 2015, Pre-Trial Summary prepared by the 62-B district judge references only Gregory H. Akaraz as the attorney to be contacted for Midland Funding for purposes of settlement negotiations. (ECF No. 35-4, PageID.288). Attorney Akaraz was affiliated with the Stillman Law Office. (Defendants Michael Stillman, Gregory Akaraz and Edwin Selocki's Answer ¶ 16(c), ECF No. 30, PageID.165).

## DISCUSSION

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Prohibited practices include, in relevant part: making false or misleading representations, 15 U.S.C. § 1692e, and certain enumerated unfair practices, 15 U.S.C. § 1692f. The Act also imposes certain requirements regarding the venue for filing debt-collection lawsuits. *See* 15 U.S.C. § 1692i. The FDCPA is a "strict liability statute, meaning that a consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007) (citing 15 U.S.C. § 1692k(a)).

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed to another." 15 U.S.C. § 1692a(6). Specifically exempted from the definition of "debt collector" is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such an activity . . . (ii) concerns a debt which was originated by such person . . . [or] (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6).

There are two statutes that govern debt collection in the State of Michigan: the Michigan Regulation of Collection Practices Act (MRCPA), Mich. Comp. Laws § 445.251, *et seq.*; and the Michigan Occupational Code (MOC), Mich. Comp. Laws § 339.901, *et seq.* The MRCPA is the state's counterpart to the FDCPA. Like the FDCPA, the definition of "collection agency" includes "a person that is directly or indirectly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another." Mich. Comp. Laws § 445.251(b). Prohibited acts include making misrepresentations to a debtor regarding the legal status of a legal action to collect a debt. *See* Mich. Comp. Laws § 445.252(f)(i).

The MOC requires a "collection agency" to obtain a license. Mich. Comp. Laws § 339.904(1). A "collection agency" is defined, in relevant part, as "a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another." Mich. Comp. Laws § 339.901(b). The statute explicitly excludes from the definition of collection agency "[a]n attorney who is handling a claim or collection on behalf of a client and in the attorney's own name." Mich. Comp. Laws § 339.901(1)(b)(xi).

The complaint is not a model of clarity. Plaintiff has asserted eight claims. In Count 1, he alleges that the defendants violated "the Federal FDCPA and Michigan FDCPA"[6] by pursuing debt collection through civil lawsuit, despite the fact that

---

[6] Reading the *pro se* complaint indulgently, I assume that plaintiff means the Michigan Occupation Code, which is the only statute requiring certain debt collectors to get a license.

Midland Funding had not obtained a state license to pursue debt collection. (Complaint ¶ 55, PageID.21). In Count 2, plaintiff alleges that the defendants "violat[ed] the Federal FDCPA and Michigan FDCPA"[7] by misrepresenting Midland Funding's lack of a license in filing the debt-collection lawsuits against him. (*Id.* at ¶ 56, PageID.21).

Counts 5, 6, and 7 also arise out of the allegation that the defendants wrongfully failed to obtain a required state license to pursue debt collection. In Count 5, plaintiff claims that the defendants engaged in "'malicious prosecution' in initiating a debt collection lawsuit without proper legal or licensed authority against plaintiff." (*Id.* at ¶ 59, PageID.23). In Count 6, plaintiff claims that the defendants "threaten[ed] to take or taking any action that cannot 'legally be taken' or is not intended to be taken . . . by suing plaintiff." (*Id.* at ¶ 60, PageID.23 (citing 15 U.S.C. § 1692e(5)). In Count 7, plaintiff claims that the defendants engaged in "the unauthorized practice of law" because they were not "licensed to operate in Michigan." (*Id.* at ¶ 61, PageID.24).

Counts 3 and 4 relate to plaintiff's allegation that the defendants wrongfully filed the debt-collection lawsuits in Allegan County instead of Kent County. In Count 3, plaintiff alleges that the defendants violated the FDCPA "by violating the venue provisions of the federal and state law by filing their lawsuit in a non-permitted

---

[7] Here I am assuming plaintiff is referring to the MRCPA, which, like the FDCPA, prohibits making misrepresentations regarding "[t]he legal status of a legal action being taken or threatened." Mich. Comp. Laws § 445.252(f)(i).

venue specifically Allegan County Michigan and then refiling in Kent County Michigan . . ." (*Id.* at ¶ 57, PageID.22). Similarly, in Count 4, plaintiff alleges that the defendants violated the FDCPA by misrepresenting the location of plaintiff's residence in order to file suit in Allegan County. (*Id.* at ¶ 58, PageID.22).

Finally, in Count 8, plaintiff claims that the defendants "perpetrated a fraud upon Court in Case 15-5020-GC," noting the "parties never agreed to [a] stipulation order." (*Id.* at ¶ 62, PageID.24). Construing this claim indulgently, it appears that plaintiff is alleging that the defendants fraudulently obtained a dismissal of the collections case in the 62-B District Court. Plaintiff fails, however, to provide specific allegations as to what actions he believes were fraudulent.

## I. MICHAEL SPOELMAN'S MOTION FOR SUMMARY JUDGMENT

Defendant Michael Spoelman contends that he is entitled to summary judgment as to all eight claims. He argues that, as a matter of law, Midland Funding was not required to be licensed to collect a debt it owned. Moreover, even if it were, there is no derivative liability that would extend to him. Mr. Spoelman also asserts that his only involvement in the underlying debt-collection actions was to cover a pretrial conference on behalf of Midland Funding's counsel of record, pursuant to a "Covering Attorney Agreement," which involvement and appearance occurred after the case had been transferred to Kent County. In his supporting affidavit, he testifies that he was not involved, directly or indirectly, in any other aspect of the underlying debt-collection, including any decisions to file suit and the drafting and filing of any pleadings or other matter in that action.

Plaintiff does not contest the statements in defendant Spoelman's affidavit concerning his limited involvement in the underlying debt-collection action. Instead, plaintiff baldly asserts that Mr. Spoelman's appearance at the pre-trial conference was sufficient to incur liability, noting that "it is irrelevant that Michael Spoelman did not draft or file the case or stipulated order to dismiss the case once the 'unlawful case' was transferred from Allegan Michigan to the 62B District Court in Kentwood, Michigan . . . ." (Case No. 1:15-cv-388, Pltf's Br. at ¶ 16, ECF No. 44, PageID.330). Plaintiff also contends that Mr. Spoelman should have realized – by reviewing the case file prior to the pre-trial conference – that the debt-collection lawsuit previously had been wrongly filed in Allegan County, and that he should have moved for dismissal in the Kent County Court. (*Id*. At ¶¶ 17-19, PageID.331-32). Plaintiff offers no legal support for these novel theories, and I am unable to find any.

**A.     Plaintiff's Claims in Counts 1-2 and 5-7 Fail as a Matter of Law.**

Plaintiff's claims in Counts 1, 2, 5, 6, and 7 are all premised on the contention that Midland Funding – and by extension, Mr. Spoelman – were required to obtain a license to collect a debt. Mr. Spoelman contends that neither he nor Midland Funding needed a license to collect the debt that was the subject of the underlying state lawsuit.

Mr. Spoelman argues first that, because Midland Funding was a creditor and not a collecting agency, it was not required to obtain a license to collect plaintiff's debt. (Def. Spoelman Br. at 6, ECF No 35, PageID.239). His argument is premised

on the unsubstantiated assertion that the underlying debt-collection action was based on a debt Midland Funding owned. (*See id.*).

Plaintiff alleges that he lived in a manufactured home at the Green Meadow mobile home park in Gaines Township (Kent County) from 1985 to 2011. (Complaint ¶ 14(b), ECF No. 1, PageID.7). He avers that, in 2011, the owners of Green Meadow evicted him, leaving him homeless. (*Id.* at ¶ 14(c)). It is unclear whether the debt plaintiff allegedly owed related to the eviction. In his first complaint, plaintiff asserts that Midland Funding "[i]s in the business of buying Junk [sic] debts and defaulted consumer debt and collecting the same." (Case No. 15-cv-388, Complaint ¶ 6(d), ECF No. 1, PageID. 5-6). Neither the complaint nor defendant Midland Funding's answer (ECF No.18) provides clarity as to the basis of the underlying debt, how the debt came to be incurred, or who is the owner of the debt. Accordingly, there is no basis for determining at this juncture whether Midland Funding was a creditor or a debt collector under the MOC.

There is no material dispute, however, regarding Mr. Spoelman's involvement in the underlying debt-collection efforts. That involvement was limited to serving, temporarily, as an attorney representing a client who had a claim pending in court. In other words, Mr. Spoelman was practicing law. As such, he was exempt from the requirement of obtaining a debt-collection license under the MOC. *See* Mich. Comp. Laws § 339.901(1)(b)(xi); *see also Montgomery v. Shermeta, Adams & Von Allmen, P.C.*, 885 F. Supp.2d 849, 858 (W.D. Mich. Aug. 8, 2012) ("The plain language of the

[MOC] excludes the Law Firm from the definition of 'collection agency'.") (citing *McCormick v. Carrier*, 487 Mich. 180, 795 N.W.2d 517, 524-25 (2010)); *Fassett v. Shermeta, Adams & Von Allmen, P.C.*, Case No. 1:12-cv-36, 2013 WL 2558279, at *10 (W.D. Mich. June 11, 2013) ("[T]he MOC exempts attorneys from the code's definition of a 'collection agency'."). Accordingly, defendant Spoelman cannot, as a matter of law, be held liable under any of plaintiff's claims in Counts 1, 2, 5, 6, and 7, each of which is premised on a licensing requirement.

### B. Plaintiff Claims in Counts 3-4 and 8 Fail as a Matter of Law.

The claims in Counts 3 and 4 are premised on plaintiff's allegations that the defendants wrongfully filed the debt-collection lawsuit in Allegan County instead of Kent County. In his affidavit, defendant Spoelman testifies that he had no role in the drafting of pleadings or the decision to file the lawsuit in Allegan County; to the contrary, he asserts that he did not become involved in Midland Funding's debt-collection efforts until he "covered" a January 23, 2015, pretrial conference after the lawsuit had been transferred to Kent County. (Spoelman Affidavit ¶¶ 7-11, ECF No. 35-3, PageID.281-82). Plaintiff provides no evidence to contradict any of defendant Spoelman's testimony in this regard; nor does he contend that Kent County was an improper venue. Accordingly, Counts 3 and 4 fail as a matter of law against Mr. Spoelman.

In Count 8, plaintiff claims that the defendants "perpetuated a fraud upon [the Kent County District] Court in Case 15-5020-GC [] parties never agreed to a

stipulation order." (Complaint ¶ 62, ECF No. 1, PageID.24). Defendant Spoelman argues that plaintiff fails to meet the heightened pleading requirements for a fraud claim under Federal Rule of Civil Procedure 9(b), and in the alternative, that the undisputed facts demonstrate that he played no role in procuring any order in the underlying case. (ECF No. 35 at 9-10, PageID.242-43). Both points are well taken.

There is, however, a more fundamental flaw in Count 8. Plaintiff is seeking a remedy in the wrong court. "The federal courts will not entertain a collateral attack on a state judgment on the basis of 'fraud on the court' in an action for damages. Such a claim is inconsistent with the facts underlying the prior judgment." *LaMie v. Wright*, Case No. 1:12-cv-1299, 2014 WL 1686145, at *14 (W.D. Mich. April 29, 2014) (citing *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1274 (10th Cir. 1995); *Chewning v. Ford Motor Co.*, 35 F. Supp.2d 487, 489 (D.S.C. 1998)). "This has been the rule in the Sixth Circuit for over 100 years." *LaMie*, 2014 WL 1686145 at *14 (citing *Kansas City F.T.S. & M.R. Co. v. Morgan*, 76 F. 429, 435 (6th Cir. 1896)). The proper avenue for relief by a party who believes that a previous judgment was procured by fraud on the court is for the party to bring a post-judgment motion or an independent action in equity to vacate the judgment." *LaMie*, 2014 WL 1686145 at *14 (citing *Gleason v. Jandruco*, 860 F.2d 556, 558 (2d Cir. 1988); *Chewning*, 35 F. Supp2d at 491); *see also Hiles v. NovaStar Mortgage, Inc.*, No. 1:12-cv-392, 2015 WL 4538387, at *3 (S.D. Ohio July 27, 2015) ("Courts have found that, if a plaintiff believes that a state court judgment was obtained by fraud on the state court, the plaintiff's remedy is by way of a motion for relief from judgment *under state law* (and

before the state court), not by way of a collateral attack on that court's judgment in federal court.") (citations omitted).

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff seeks summary judgment on all his claims, asserting, in essence, that defendants have made certain admissions that are sufficient to establish liability under the FDCPA and Michigan statutory law. (Case No. 1:15-cv-388, Pltf's Br. at 2-9, ECF No. 47, PageID.339-46). Defendants counter that they have not made the admissions, as characterized by plaintiff; they also argue that the facts do not support a finding of liability in this case. (Defs Stillman Law Office, Monica Hunt, Michael Stillman, Gregory Akaraz, and Edwin Selwocki's ("Stillman Defs") Br. at 5-11, ECF No. 52, PageID.363-69; Def. Spoelman Br. at 7-10, ECF No. 53, PageID.381-84; Def. Midland Funding LLC Br. at 5-15, ECF No. 55, PageID.391-401).[8] Because disputes of material fact abound, plaintiff's motion for summary judgment should be denied.

Integral to the material facts in dispute concerning Counts 1-2 and 5-7 is the issue of whether any of the defendants was required to obtain a debt-collection license from the State of Michigan. That issue is likely to turn on whether Midland Funding was a creditor or a collection agency. As previously noted, the Michigan licensing

---

[8] Defendants offer factual statements in their responsive briefs that are largely unsupported by record evidence. This is insufficient to create genuine issues of material fact. *See* FED. R. CIV. P. 56(c)(1)(A). Instead, I recommend denial of plaintiff's motion for summary judgment on the basis that the materials plaintiff cites do not establish the absence of a genuine dispute. *See* FED. R. CIV. P. 56(c)(1)(B).

requirement does not apply to persons who are collecting their own debt – in other words, a creditor. *See* Mich. Comp. Laws § 339.901(1)(b) (Defining a "collection agency," in relevant part, as "a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.").

Defendants contend that Midland Funding was a creditor, seeking to collect a debt it owned, and accordingly, it did not need to be licensed. (*See* Stillman Defs Br. at 9, PageID.367; Def. Spoelman Br. at 7-8, PageID.381-82; Def. Midland Funding Br. at 12-14, PageID.398-400). As noted previously herein, it is unclear from the record whether Midland Funding was acting as a creditor or a collection agency. That alone is sufficient to preclude summary judgment in plaintiff's favor on Counts 1-2 and 5-7. In addition, the other defendants are attorneys who represented Midland Funding. Accordingly, their role as counsel raises the prospect that they are exempt from the licensing requirement, regardless of whether Midland Funding had a licensing obligation.[9] *See* Mich. Comp. Laws § 339.901(1)(b)(xi).

With respect to Counts 3 and 4, which relate to the venue issue concerning Allegan County, defendants vigorously dispute that it was improper to file suit in that county.[10] Specifically the Stillman defendants contend that postal records, dated

---

[9] I am recommending herein that defendant Spoelman's motion for summary judgment be granted based, in part, on the fact that his role was one of legal counsel. The other attorney defendants have not filed such a motion.

[10] Notwithstanding plaintiff's assertion to the contrary, defendant Spoelman has not conceded that Allegan County was the wrong venue. (*See* Def. Spoelman Br. at 7, ID.381). Moreover, any such concession would not be binding on the other defendants.

August 21, 2014, showed plaintiff's residential address as 140 140th Avenue, Wayland, Michigan (Stillman Defs Br. at 2, PageID.360; Exh. B, PageID.373), which is within Allegan County. This dispute of fact is sufficient, in and of itself, to preclude summary judgment in plaintiff's favor.

Finally, with respect to plaintiff's "fraud against the court" claim in Count 8, it is the remaining defendants,[11] if anyone, who would be entitled to summary judgment, had they filed such a motion. As explained above, this Court "will not entertain a collateral attack on a state judgment on the basis of 'fraud on the court' in an action for damages." *LaMie v. Wright*, 2014 WL 1686145, at *14.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that defendant Michael Spoelman's motion for summary judgment (ECF No. 34) be granted and that plaintiff's claims against him be dismissed. I further recommend, for the reasons stated herein, that plaintiff's motion for judgment on the pleadings, or in the alternative, for summary judgment (Case No. 1:15-cv-388, ECF No.46) de denied.

Dated: August 28, 2017            /s/Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge

---

[11] Defendant Spoelman was the only defendant who filed a motion for summary judgment, which I am recommending be granted.

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).